UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NEIL S. GERSHMAN and ANDREA C FALLICK, as Personal Representatives,

    Plaintiffs/Counter-Defendants,

v.

DAVID FRIEDMAN and ALLISON FRIEDMAN,

    Defendants/Counter-Plaintiffs,

v.

AXA EQUITABLE LIFE AND ANNUITY COMPANY,

    Third-Party Defendant.

Case No. _____

_____/

## ALLISON WENDY FLUSS' COUNTERCLAIM AND THIRD-PARTY CLAIM

Defendant/Counter-Plaintiff ALLISON FRIEDMAN a/k/a ALLISON WENDY FLUSS, by and through her undersigned counsel, files this Counterclaim against Plaintiffs/Counter-Defendants NEIL S. GERSHMAN and ANDREA FALLICK, in their capacities as Co-Personal Representatives of the Estate of Leonard Friedman, and Third-Party Claim against Third-Party Defendant AXA EQUITABLE LIFE AND ANNUITY COMPANY ("AXA"), and in furtherance thereof, states as follows:

### The Parties

1. At all times relevant hereto, Counter-Plaintiff ALLISON FRIEDMAN a/k/a ALLISON WENDY FLUSS ("ALLISON" or "Counter-Plaintiff") was a resident of Suffolk County, New York.

Neil S. Gershman, et al. v. David Friedman, et al.
Counterclaim and Third-Party Claim

2. At all times relevant hereto, Counter-Defendant NEIL S. GERSHMAN, in his capacity as Co-Personal Representative of the Estate of Leonard N. Friedman ("NEIL"), was a citizen of the State of Florida pursuant to 28 U.S.C. §1332(c).

3. At all times relevant hereto, Counter-Defendant ANDREA C. FALLICK, in her capacity as Co-Personal Representative of the Estate of Leonard N. Friedman ("ANDREA"), was a citizen of the State of Florida pursuant to 28 U.S.C. §1332(c).

4. At all times relevant herein, Third-Party Defendant AXA was a Colorado corporation, registered to do business in Florida.

## Jurisdiction and Venue

5. This Court possesses jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between Counter-Plaintiff and Counter-Defendants NEIL S. GERSHMAN and ANDREA C. FALLICK (collectively "Counter-Defendants").

6. Venue is property in the United States District Court for the Southern District of Florida because Counter-Defendants are citizens of Palm Beach County, Florida, given that they are parties in their capacity as co-personal representatives of a Palm Beach County estate, and Palm Beach County is part of the Southern District of Florida. 28 U.S.C. § 1391(b)(1).

7. This Court has personal jurisdiction over Counter-Defendants NEIL S. GERSHMAN and ANDREA C. FALLICK.

8. This Court has personal jurisdiction over Third-Party Defendant AXA pursuant to Fla. Stat. §48.193, given that AXA is in breach of a contract to be performed in Florida.

Neil S. Gershman, et al. v. David Friedman, et al.
Counterclaim and Third-Party Claim

## General Allegations

9. On or about February 2000, Leonard N. Friedman (the "Decedent") purchased the following two (2) AXA annuity contracts in his name:

    a. AXA-EQUI-VEST Annuity Contract No.: 200500336; and

    b. AXA-EQUI-VEST Annuity Contract No. 305621877

(collectively, the "Annuity Contracts"). Copies of the Annuity Contracts are attached hereto as **Composite Exhibit "A."**

10. The Decedent named his wife, Esther Friedman ("Esther"), as the beneficiary of the Annuity Contracts.

11. The Decedent only had two (2) natural children – Counter-Plaintiff and David Friedman ("David").

12. David passed away on December 21, 2001.

13. Upon information and belief, Esther passed away in 2010.

14. The Annuity Contracts state that when the named beneficiary has predeceased the annuity:

> Any part of a death benefit payable as described in Section 6.01 for which there is no named beneficiary living at the Annuitant's death will be payable in a single sum to the Annuitant's surviving children. The payments will be made in equal shares, or should none survive or should there be none, them to the Annuitant's estate.

*See* Annuity Contracts, Part VI.

15. Upon information and belief, the Annuity Contracts presently have a combined pay-on-death value of $282,000.

16. The Decedent passed away on July 27, 2017 in Palm Beach County, Florida.

3

Neil S. Gershman, et al. v. David Friedman, et al.
Counterclaim and Third-Party Claim

17. On or about November 7, 2017, Counter-Defendants were appointed as Co-Personal Representatives in *In Re: Estate of Leonard N. Friedman*, Case No. 2017-CP-004548-XXXXSB, in Palm Beach County Circuit Court (the "Estate").

18. On or about October 12, 2018, Counter-Defendants filed a Petition to Declare Annuity Contracts Assets of the Estate (the "Petition") in the Estate. A true and correct copy of said Petition (without exhibits) is attached hereto as **Exhibit "B"**.

19. In the Petition, the Counter-Defendants sought a court order declaring that the proceeds of the Annuity Contracts should be paid to the Estate.

20. Counter-Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay the undersigned counsel reasonable attorneys' fees for its services.

21. All conditions precedent to the institution, maintenance, and prosecution of this action have occurred, have been waived, or otherwise performed.

## COUNT I – DECLARATORY JUDGMENT

22. Counter-Plaintiff realleges and reavers each and every allegation set forth in the foregoing paragraphs 1 through 21, inclusive, as through fully set forth herein.

23. An actual case or controversy exists between the parties concerning Counter-Plaintiff's rights to proceeds from the Annuity Contracts.

24. Accordingly, there is a *bona fide*, actual, present practical need for the declaration sought herein.

25. Counter-Plaintiff's rights are dependent on the facts and/or the laws applicable to the facts recited herein.

26. Counter-Plaintiff has an actual, present, adverse, and antagonistic interest in the subject matter hereof, either in fact or law.

27.     The antagonistic and adverse interests are all before this Court by proper process, and the relief sought herein is not merely the giving of legal advice by the courts or the answer to questions propounded by curiosity.

WHEREFORE, Counter-Plaintiff ALLISON respectfully request that this Court enter an order, against Counter-Defendants NEIL and ANDREA, and Third-Party Defendant AXA, declaring that:

i.      Counter-Plaintiff ALLISON is the sole beneficiary of the Annuity Contracts, and directing AXA to pay ALLISON the proceeds from said Annuity Contracts; and

ii.     further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT (against AXA)

28.     Counter-Plaintiff ALLISON realleges and reavers each and every allegation set forth in the foregoing paragraphs 1 through 21, inclusive, as though fully set forth herein.

29.     This is an action for breach of contract against AXA.

30.     Counter-Plaintiff was the third-party beneficiary of the Annuity Contracts, pursuant to the express language of said contracts.

31.     Pursuant to the terms of the Annuity Contracts, AXA was obligated to pay Counter-Plaintiff the proceeds from the Annuity Contracts following the Decedent's death.

32.     AXA breached the Annuity Contracts by failing to remit the Annuity Contracts' proceeds to Counter-Plaintiff following Decedent's death.

33.     As a direct and proximate result of AXA's breach of the Annuity Contracts, Counter-Plaintiff has been damaged.

WHEREFORE, Counter-Plaintiff ALLISON demands judgment against Third-Party Defendant AXA, awarding Counter-Plaintiff:

i)      Damages, prejudgment interest and costs of this action;

Neil S. Gershman, et al. v. David Friedman, et al.
**Counterclaim and Third-Party Claim**

      ii)     Attorney's fees and taxable costs; and

      iii)    Such other and further relief as the Court may deem proper.

Dated: November 26, 2018

        LAW OFFICES OF DANIEL A. SEIGEL, P.A.
*Attorney for Defendant/Counter-Plaintiff Allison Wendy Fluss*
3010 N. Military Trail, Suite 210
Boca Raton, Florida 33431
Telephone No.: (561) 393-6005
Facsimile No.: (561) 431-6489

By:/s/ Daniel A. Seigel
    DANIEL A. SEIGEL, ESQUIRE
    E-Mail Address: dseigel@seigel-law.com
    Florida Bar No. 0867861

Neil S. Gershman, et al. v. David Friedman, et al.
Counterclaim and Third-Party Claim

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I FURTHER CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail this 26th day of November, 2018 to: **Norman A. Fleisher, Esq. and Jacob W. Warren, Esq., Gutter Chaves Josepher Rubin Forman Fleisher Miller P.A.** (nfleisher@floridatax.com; jwarren@floridatax.com; crotondo@floridatax.com), 2101 Corporate Boulevard, Suite 107, Boca Raton, FL 33431.

    Respectfully submitted,

    LAW OFFICES OF DANIEL A. SEIGEL, P.A.
    *Attorney for Defendant/Counter-Plaintiff Allison Wendy Fluss*
    3010 N. Military Trail, Suite 210
    Boca Raton, Florida 33431
    Telephone No.: (561) 393-6005
    Facsimile No.: (561) 431-6489


    By:/s/ Daniel A. Seigel
        DANIEL A. SEIGEL, ESQUIRE
        E-Mail Address: dseigel@seigel-law.com
        Florida Bar No. 0867861